LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GUO YONG ZHU,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

HUNAN HOUSE MANOR, INC.
    d/b/a HUNAN MANOR,
HUNAN HOUSE RESTAURANT NY LLC
    d/b/a HUNAN MANOR,
HUNAN HOUSE, INC. d/b/a HUNAN MANOR,
A TASTE OF MAO, INC. d/b/a CHINA XIANG,
ZHENQI XIAO and JINGCHAO LI
    a/k/a JING CHAO LI, a/k/a DIANA LI,

    Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, GUO YONG ZHU ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, HUNAN HOUSE MANOR, INC. d/b/a HUNAN MANOR, HUNAN HOUSE RESTAURANT NY LLC d/b/a HUNAN MANOR, HUNAN HOUSE, INC. d/b/a HUNAN MANOR and A TASTE OF MAO, INC. d/b/a CHINA XIANG (collectively, "Corporate Defendants"), ZHENQI XIAO and JINGCHAO LI a/k/a JING CHAO

1

LI, a/k/a DIANA LI (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread-of-hour premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff GUO YONG ZHU is a resident of Queens County, New York.

6. Defendants operate four restaurants under the trade names "Hunan Manor" and "China Xiang" with addresses as follows:

> (a) 339 Lexington Avenue, New York, NY 10016 ("Hunan Manor Midtown East");
>
> (b) 137-40 Northern Boulevard, Flushing, NY 11354 ("Hunan Manor Flushing");

    (c) 40 W 56th Street, New York, NY 10019 ("Hunan Manor Midtown West"); and

    (d) 360 W 42nd Street, New York, NY 10036 ("China Xiang").

(collectively, "Hunan Restaurants").

  7. Defendants operate Hunan Restaurants as a single integrated enterprise. Specifically, Hunan Restaurants share common trade names, ownership and management, have a common business purpose, engage in interrelated operations, and have centralized control of labor relations.

    (a) Hunan Restaurants are commonly owned, managed and operated by Individual Defendants ZHENQI XIAO and JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI.

    (b) Supplies and employees were interchangable among Hunan Restaurants.

    (c) Hunan Restaurants offer the same food and services at all of the four locations, and the near identical menu with a specialization in Chinese food and an emphasis on Hunan cuisine.

    (d) Three of the four Hunan Restaurants share a common logo, share a common feel and look, and are advertised jointly on Defendants' website (http://www.hunanmanor.nyc) (*See Exhibit 1 – Webside Homepage*).

  8. Corporate Defendant HUNAN HOUSE MANOR, INC. d/b/a HUNAN MANOR is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 339 Lexington Avenue, New York, NY 10016. Defendants operate Hunan Manor Midtown East through HUNAN HOUSE MANOR, INC.

9. Corporate Defendant HUNAN HOUSE RESTAURANT NY LLC d/b/a HUNAN MANOR is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 137-40 Northern Boulevard, Flushing, NY 11354 . Defendants operate Hunan Manor Flushing through HUNAN HOUSE RESTAURANT NY LLC.

10. Corporate Defendant HUNAN HOUSE, INC. d/b/a HUNAN MANOR is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 40 W 56th Street, New York, NY 10019. Defendants operate Hunan Manor Midtown West through HUNAN HOUSE, INC.

11. Corporate Defendant A TASTE OF MAO, INC. d/b/a CHINA XIANG is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 360 W 42nd Street, New York, NY 10036, and an address for service of process located at 142-30 60th Ave., Flushing, NY 11355. Defendants operate China Xiang through A TASTE OF MAO, INC.

12. Individual Defendant ZHENQI XIAO is a co-owner and senior executive officer of Corporate Defendants. ZHENQI XIAO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ZHENQI XIAO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ZHENQI XIAO regarding any of the terms of their employment, and ZHENQI XIAO would have the authority to effect any changes to the quality and terms of employees' employment. ZHENQI

XIAO regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. ZHENQI XIAO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ZHENQI XIAO exercised functional control over the business and financial operations of Corporate Defendants.

13. Individual Defendant JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI is a co-owner and senior executive officer of Corporate Defendants. JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI regarding any of the terms of their employment, and JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI would have the authority to effect any changes to the quality and terms of employees' employment. JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI exercised functional control over the business and financial operations of Corporate Defendants.

14. Plaintiff personally witnessed JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI regularly working at both China Xiang and Hunan Manor Midtown West. Plaintiff's

employment and termination, rate and method of pay, work schedule, and quality of employment was determined by JINGCHAO LI a/k/a JING CHAO LI, a/k/a DIANA LI.

15. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

16. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including servers, runners, bussers, and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wages and overtime wages. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

19. Furthermore, Defendants were not entitled to deduct any tip credits from the wages earned by Plaintiff and FLSA Collective Plaintiffs, because they failed to satisfy all FLSA requirements for taking a tip credit. Specifically, Defendants (i) failed to provide proper notice that a tip credit was being claimed, in violation of the FLSA, (ii) failed to indicate the tip credit

allowance taken on weekly wage statements given to Plaintiffs and FLSA Collective Plaintiffs, and (iii) instituted and mandated an invalid tip-pooling scheme not agreed upon by tipped employees.

20. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt tipped employees, including servers, bussers, runners and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number

are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

24.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wages, (ii) failing to pay overtime wages, (iii) failing to pay spread-of-hour premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25.     Furthermore, Plaintiff and the Class members were subjected to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of the NYLL, including Defendants' (i) failure to provide notice that a tip credit was being claimed, (ii) failure to record the tip credit allowance taken on periodic wage statements given to Plaintiff and Class members, and (iii) instituted and mandated an invalid tip-pooling scheme not agreed upon by tipped employees.

26.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly paid Plaintiff and Class members of their propery minimum hourly rate;

(e) Whether Defendants properly paid Plaintiff and Class members of their overtime wages for hours worked over forty (40) hours per week;

(f) Whether Defendants paid Plaintiff and Class members spread-of-hours premium;

(g) Whether Defendants provided wage notices informing Plaintiff and Class members of the tip credits taken and the amount of the tip credits claimed;

(h) Whether Defendants provided wage statements informing Plaintiff and Class members of the amount of tip allowance taken for each payment period;

10

(i) Whether Defendants established the invalid tip-pooling scheme for Class members without the agreement or consent of Plaintiff and Class members;

(j) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(k) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

30. From on or about April 4, 2016 until on or about August 4, 2016, Plaintiff GUO YONG ZHU was employed by Defendants to work on a full-time basis as a delivery person for Defendants' Hunan Manor Midtown East located at 339 Lexington Avenue, New York, NY 10016.

31. Plaintiff GUO YONG ZHU's primary job duties were to deliver food items to customers' homes or workplaces. Plaintiff GUO YONG ZHU was also required to regularly deliver supplies from Hunan Manor Midtown East to China Xiang. Plaintiff GUO YONG ZHU's job duties were an essential and integral part of Defendants' restaurant business.

32. Throughout Plaintiff GUO YONG ZHU's employment, he was not allowed to work elsewhere in any capacities while being employed by Defendants. Defendants operated exclusive and complete control over Plaintiff GUO YONG ZHU, he was required to strictly comply with Defendants' work procedures, guidelines, and administrative policies. Failure to strictly comply with such requirements would incur monetary and dispositive sanctions.

33. From on or about April 4, 2016 to on or about July 3, 2016, Plaintiff GUO YONG ZHU's regular work schedule was five days a week, from 11:00 am to 10:00 pm on Mondays,

11

Wednesdays, Thursdays and Fridays, from 11:30 am to 10:00 pm on Sundays, for a total of 54.5 hours per week.

34. From on or about July 4, 2016 to on or about August 4, 2016, Plaintiff GUO YONG ZHU's regular work schedule was five days a week, from 11:30 am to 10:00 pm on Mondays, Thursdays and Fridays, from 11:00 am to 10:00 pm on Wednesdays, from 11:30 am to 10:00 pm on Sundays, for a total of 53 hours per week.

35. Throughout his employment with Defendants, Plaintiff GUO YONG ZHU was paid in cash at a regular straight rate of $7.50 per hour for all hours worked, including hours worked in excess of forty (40) hours per week. Accordingly, he was not paid minimum wages or overtime wages. He regularly worked over ten (10) hours per day, but he was not paid spread-of-hour premium. He was not provided with any form of wage statements or wage notices, nor was he provided with any notices regarding tip credits taken or the amount of tips credit claimed. He was subject to a mandatory tip-pooling scheme, which he did not consent to.

36. Based on Plaintiff GUO YONG ZHU's direct observations and conversations with other co-workers, all FLSA Collective Plaintiffs and Class members were similarly paid at a hourly rate below the statutory minimum pay rate, and in cash without any form of wage statements or wage notices, all FLSA Collective Plaintiffs and Class members regularly worked for over forty (40) hours per week, but were not paid overtime wages, all Class members regularly worked for over ten (10) hours per day, but was not paid spread-of-hour premium.

37. Throughout his employment with Defendants, Plaintiff GUO YONG ZHU regularly spoke with co-workers principally based about Defendants illegal pay practices.

12

38. Based on Plaintiff GUO YONG ZHU's direct observations and conversations with co-workers, all FLSA Collective Plaintiffs and Class members were subject to Defendants' same illegal wage and hour policies in violation of relevant FLSA and NYLL provisions.

39. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' failure to pay minimum wages, and overtime wages for hours worked in excess of forty (40) hours per week.

40. At all relevant times, Plaintiff and Class members similarly suffered from Defenants' failure to pay spread-of-hour premium.

41. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

42. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper tip credits notices.

43. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs the federal and state minimum wages for all hours worked.

44. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members the federal and state minimum wages for all hours worked.

45. Defendants knowingly and willfully operated their business with a policy of not paying overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

46. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members the spread-of-hour premium in violation of the NYLL.

47. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

48. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members in violation of the NYLL.

49. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

53. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

54. At all relevant times, Defendants engaged in a policy and practice of failing to pay statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

55. At all relevant times, Defendants engaged in a policy and practice of failing to pay overtime rate (of time and one-half) to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per week.

56. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

57. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

58. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and compensation, plus an equal amount as liquidated damages.

59. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

60. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

61. Plaintiff realleges and reavers Paragraphs 1 through 60 of this class and collective action Complaint as if fully set forth herein.

62. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

63. Defendants willfully violated Plaintiff's and Class members rights by failing to pay Plaintiffs minium wages in the lawful amount for hours worked.

64. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the New York State overtime rate (of time and one-half) to Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

65. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them spread-of-hour premium for each workday that exceeded ten (10) or more hours.

66. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

67. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

68. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, overtime wages and spread-of-hour premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and NYLL;

d. An award of unpaid overtime wages due under the FLSA and NYLL;

e. An award of unpaid spread-of-hour premium under the NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to the FLSA;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime wages and spread-of-hours premium pursuant to the NYLL;

i. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiff as Representative of the Class; and

m.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   August 21, 2017            Respectfully submitted,

By:   */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*